UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **RICARDO JAVIER HERNANDEZ-PERALES,** § | | |
| § | | |
| § | | |
| *Petitioner*, § | | |
| VS. § | **CIVIL ACTION NO. L-08-17** | |
| § | **CRIMINAL ACTION NO. L-06-1366-1** | |
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| *Respondent*. § | | |

## OPINION AND ORDER

Pending before the Court is Petitioner Ricardo Javier Hernandez-Perales's ("Hernandez") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Dkt. No. 1].[1] Having duly considered the petition, supporting memorandum, and applicable law, Hernandez's petition is **DISMISSED with prejudice.**

### I.   BACKGROUND AND PROCEDURE

#### A.   Background

Hernandez is a native and citizen of Mexico with no documents allowing him to enter, travel through, or remain in the United States. [*See* Presentence Investigation Report ("PSR") ¶¶ 2, 7, 48; Cr. Dkt. No. 30 at 18]. On or about September 7, 2007, federal agents found Hernandez in the United States illegally after having been previously deported. [PSR ¶¶ 2, 6; Cr. Dkt. No. 30 at 18]. The facts relevant to this case are as follow:  Agents with the Immigration and Customs Enforcement Agency ("ICE") executed a federal search warrant for Marilina Pacheco-Mendoza at a private home in Laredo, Texas. [PSR ¶ 6, 8]. Ms. Pacheco-Mendoza was under

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless indicated otherwise, "Dkt. No." will be used to refer to filings in case number 5:08-cv-17. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:06-cr-01366-001.

investigation for transporting and moving undocumented aliens from South and Central America, and Mexico, as well as conducting financial transactions involving the proceeds from unlawful activity. [*Id.*]. Upon their arrival at the residence, the agents placed Ms. Pacheco-Mendoza into custody and conducted an immigration inspection on the only other individual found at the home. [*Id.* ¶ 6]. The agents identified this individual as petitioner Ricardo Javier Hernandez-Perales, who admitted to agents that he was a Mexican national, illegally present in the United States, and that he had been recently deported to Mexico following a felony conviction for illegal entry after deportation. [*Id.*].

On September 26, 2006, a federal grand jury returned a one-count indictment against Hernandez in criminal case number L-06-1336-1, charging him with illegal re-entry after having been previously denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 6]. Hernandez decided to forego trial and entered a plea of guilty before United States Magistrate Judge Adriana Arce-Flores on November 9, 2006 pursuant to a written plea agreement. [Minute Entry of 11/09/06]. The plea agreement included the following language:

> 10. In exchange for the concessions made by the Government in the agreement, the Defendant expressly waives the right to contest and/or appeal, **either directly or collaterally**, his/her guilty plea, conviction, sentence, and/or detention by means of **ANY** post-conviction proceeding whatsoever. **Such waiver expressly includes, and Defendant expressly agrees not to file**, ANY DIRECT and/or COLLATERAL attacks on Defendant's guilty plea, conviction, sentence, and/or detention pursuant to **any** statute, law, procedure, or Constitutional provision whatsoever, including, without limitation, Title 18, U.S.C., § 3742 and Title 28, U.S.C. §§ 1651, 2241, 2255.
>
> In waiving those rights, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Understanding this, Defendant agrees to waive the right to "collaterally attack" his/her conviction and/or sentence in any manner whatsoever, including Title 28, U.S.C. § 2255. Defendant is also aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed and/or the manner in which such sentence was determined. Understanding this, Defendant agrees to waive the right

 to appeal the sentence imposed or the manner in which it was determined **on any grounds whatsoever, including, without limitation, those set forth in Title 18 U.S.C. § 3742.**

 In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that: (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreements, and/or (c) Defendant's plea is later withdrawn.

 13. The defendant represents to the Court that defendant is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement.

[Cr. Dkt. No. 11 ¶¶ 10, 13 (emphasis in original)].

At re-arraignment on November 9, 2006, Judge Arce-Flores placed Hernandez under oath and advised him of the rights and implications surrounding a guilty plea, consistent with the requirements of Federal Rule of Criminal Procedure 11. *See* Fed. R. Crim. P. 11(b)(1); [Dkt. No. 30 at 9-13]. The Court focused part of its discussion on Hernandez's waiver of his rights to appeal. [Dkt. No. 30 at 11]. *See* Fed. R. Crim. P. 11(b)(1)(N). Hernandez confirmed several times that he understood that he had waived such rights and that he nevertheless wished to proceed with his plea of guilty. [*Id.* at 12, 19]. Finally, Judge Arce-Flores asked Hernandez whether he understood what she had explained to him, to which he answered "yes." [*Id.* at 19]. The Court found that Hernandez had pleaded guilty knowingly and voluntarily, and accepted his plea. [*Id.*].

On February 14, 2007, Hernandez filed a brief with the Court requesting that he be allowed to withdraw his waiver of appeal. [Dkt. No. 20]. Hernandez argued that the provisions of the written plea agreement in which he waived his appellate rights were invalid as unconscionable and illusory. [Cr. Dkt. Nos. 20 at 3, 6-9, 15; 28 at 3, 5-6]. The Court denied this request on February 7, 2007, [Cr. Dkt. No. 28 at 9], and sentenced Hernandez to a term of

eighty-five (85) months of imprisonment for the offense of illegal re-entry and to twenty-three (23) months of imprisonment for revocation of his term of supervised release, for a total term of one hundred and eight (108) months in custody, and to a subsequent three-year term of supervised release, [*id.* at 20-21]. Judgment was entered on March 9, 2007. [Cr. Dkt. No. 21]. On the same day, Hernandez filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit, challenging the Court's denial of his request to withdraw his waiver of appeal. [Cr. Dkt. No. 23]. The Fifth Circuit dismissed Hernandez's appeal on November 15, 2007. [Cr. Dkt. No. 32]. Hernandez did not subsequently attempt to appeal the Court's sentence to the Fifth Circuit or raise any other issue for review besides withdrawal of his waiver of appeal.

### B.     The Instant Petition

Hernandez filed the instant motion on January 31, 2008, challenging his conviction and sentence on two ineffective assistance of counsel grounds: (1) that his attorney was ineffective in the negotiation of his guilty plea due to a failure to investigate the lawfulness of the search and seizure at the time of his arrest; and (2) that his attorney's actions fell below a reasonable standard of competency because minimal investigation would have revealed that all evidence secured by the search and seizure, including any statements that he made, was inadmissible. [Dkt. Nos. 1 at 4; 2 at 1]. Hernandez also argues that because his attorney was ineffective, his waiver was unknowing and involuntary. [Dkt. No. 2 at 2 (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)].

In his petition, Hernandez claims that when the federal agents executed the warrant for Ms. Pacheco-Mendoza, they handcuffed him and placed him in the back seat of a police car while they searched the residence. [*Id.*]. He claims that the agents told him that he was not under arrest and that they would release him after they checked the house. [*Id.*]. However, after

the search was over, the agents allegedly approached him with a previous PSR report, told him that "he was the person belonging to the PSR" and that he was under arrest "because the PSR revealed that he had previously been deported after a felony conviction." [*Id.*]. Hernandez claims that the agents had no authority to seize the PSR and exceeded the scope of the warrant. [*Id.*]. In short, he claims that his "identity and illegal status would not have been discovered but for the illegal seizure of the PSR, and it was only after he was improperly handcuffed and detained that inculpatory statements were obtained." [*Id.* at 4 (citing *United States v. Lopez-Moreno*, 420 F.3d 420 (5th Cir. 2005)].

On May 5, 2008, Hernandez filed a Motion for Leave to File Amendment to 2255 Motion, [Dkt. No. 3], and a Supplement to the Initial 2255 Motion, in which he makes two additional claims of constitutional violations, [Dkt. No. 4]. For the reasons stated below, Hernandez is not entitled to the relief he seeks.

## II.     DISCUSSION

### A.     Overview

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. After conducting an initial examination of the Petition, the

Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255 Proc. R. 4.

### B. Waiver of Appeal and Right to Mount Collateral Attacks

While Hernandez has alleged several wrongs affecting his constitutional rights, waiving his right to attack his conviction and sentence preempts discussion of such allegations.  A defendant may waive the right to appeal and collaterally attack a conviction and sentence, so long as the waiver is both knowing and voluntary.  *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contract interpretation when construing plea agreements.")); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).  If the plea or waiver itself was knowing and voluntary, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."  *White*, 307 F.3d at 343-44.  The Fifth Circuit conducts a two-step inquiry to determine whether an appeal-waiver provision in a plea agreement bars a sentencing appeal:  (1) "whether the waiver was knowing and voluntary"; and (2) "whether the waiver applies to the circumstances at hand, based upon the plain language of the agreement." *Bond*, 414 F.3d at 544.  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.").  A defendant may circumvent a waiver of appeal and claim ineffective assistance of counsel only if he alleges that

counsel's ineffective assistance directly affected the validity of that waiver or the plea itself. *White*, 307 F.3d at 343.

Despite his allegations to the contrary, the Court is of the opinion that Hernandez knowingly and voluntarily waived his right to appeal and to collaterally attack his conviction and sentence. "A defendant's waiver of [his] right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *Baty*, 980 F.2d at 979. Determining whether a defendant understands the consequences of his guilty plea and waives his appeal knowingly and voluntarily does not require the court to ensure that the defendant's comprehension is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002); *Garcia*, 983 F.2d at 627-28).

The Court discussed the terms of Hernandez's waiver with him in detail. Nothing in the record indicates that Hernandez expressed doubt or confusion as to the consequences of his waiver. In his petition, Hernandez claims that because his attorney did not investigate whether the search and seizure was illegal under the Fourth Amendment, he was denied effective assistance of counsel in the negotiation of his guilty plea. [Dkt. No. 2 at 1]. He argues that his attorney was also deficient in failing to file a motion to suppress his statements and physical evidence, the disposition of which may have led counsel to change his recommendation as to the guilty plea. [*Id.* at 4]. Thus, Hernandez concludes that the ineffective assistance of counsel renders the waiver unknowing and involuntary. [*Id.* at 2].

While Hernandez alleges that his counsel's shortcomings affected the validity of the waiver itself, he provides no explanation about how his counsel's ineffective assistance tainted the waiver. In fact, while he argues that the PSR and the incriminating statements were obtained

unlawfully, he fails to demonstrate how the search and seizure violated the Fourth Amendment. In other words, he provides no information about the extent of the warrant, where the alleged PSR was located when seized—i.e., was it in plain view, hidden, etc.—and whether he was read his Miranda rights or not.  Furthermore, his statement of the facts differs from how the arrest is described in the PSR.  According to the PSR, the agents executed a search warrant at the private residence and found Hernandez, who admitted being in the country illegally.  There is no indication that a previous PSR report is what revealed Hernandez's identity and status; in fact, there is absolutely no mention that a PSR was found.  [*See* PSR ¶¶ 6-8].  Furthermore, Hernandez's objections to the PSR are limited to the sixteen-level enhancement due to prior convictions, and at no point does Hernandez object to the statement of facts as presented in the PSR.  While Hernandez makes no attempt to reconcile the inconsistencies between the PSR and his view of the facts, his story also lacks credibility.

As the *Boyd* court explains, mere allegations in a habeas corpus petition that a waiver was unknowing or involuntary may be insufficient to overcome the presumptions of regularity and truthfulness inherent in official documents such as plea agreements, official records, and proceedings in open court—such as plea hearings.  *See* 2007 WL 900949, at *6 (discussing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)).  While Hernandez goes beyond making "mere allegations" of an unknowing and involuntary waiver, the rationale that he provides in support of his claim is deficient.  In short, Hernandez has presented nothing which would tend to undermine these well-established presumptions.  Therefore, having thoroughly reviewed the Rule 11 hearing and Hernandez's signed plea agreement, the Court finds that Hernandez knowingly and voluntarily

waived his right to appeal and to collaterally attack his sentence and conviction. *See Bond*, 414 F.3d at 544. The Court also finds that the terms of Hernandez's plea agreement extend to the current petition. *See id.* It is clear to the Court that Hernandez validly agreed not to file a petition pursuant to 28 U.S.C. § 2255. As such, the instant petition is without merit and will be dismissed pursuant to Rule 4 governing proceedings under 28 U.S.C. § 2255. Furthermore, because the Court has found that Hernandez's waiver was valid, the Court will not reach the arguments presented in the supplement filed on May 5, 2008.

### III.  CONCLUSION

For the aforementioned reasons, Hernandez's motion pursuant to § 2255 is **DISMISSED with prejudice**. Further, should he seek a certificate of appealability, the same is **DENIED**. Final judgment shall issue under separate cover.

IT IS SO ORDERED.

DONE this 13th day of May, 2008, in Laredo, Texas.

                                                                      _____
                                                                      Micaela Alvarez
                                                                      UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**