UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **RICARDO JAVIER HERNANDEZ-PERALES,** | § § § § | |
| *Petitioner*, | § | |
| VS. | § § | CIVIL ACTION NO. L-08-17 |
| | § | CRIMINAL CASE NO. L-06-1366 |
| **UNITED STATES OF AMERICA,** | § § § | |
| *Respondent*. | § | |

## ORDER

Pending before the Court is Ricardo Javier Hernandez-Perales's ("Hernandez") Application to proceed *in forma pauperis*, [Dkt. No. 11],[1] and Motion for a Free Court Reporter's Record, [Dkt. No. 8]. Upon due consideration of the pleadings and applicable authorities, Hernandez's application to proceed *in forma pauperis* is GRANTED but his Motion for a Free Court Reporter's Record is DENIED.

### I.  PROCEDURAL HISTORY

On January 31, 2008, Hernandez filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction on ineffective assistance of counsel grounds. [Dkt. Nos. 1 & 2]. On May 5, 2008, Hernandez filed a motion for leave to file an amendment to his initial § 2255 motion, [Dkt. No. 3], as well as a supplement that included two additional claims of ineffective assistance of counsel, [Dkt. No. 4]. Finding that Hernandez knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction, the Court dismissed his

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless indicated otherwise, "Dkt. No." will be used to refer to filings in case number 5:08-cv-17. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:06-cr-1366-1.

§ 2255 motion on May 13, 2008.[2]  [Dkt. No. 5].  The Court also concluded that if Hernandez were to seek a certificate of appealability, the same would be denied.  [*Id.*].  The Court issued final judgment on the same date.  [Dkt. No. 6].

Two weeks later, Hernandez filed a Motion to Alter, Amend, or Reconsider Judgment on the basis that the Court never reached the merits of the § 2255 motion.  [Dkt. No. 7].  A few days later, Hernandez filed another motion in which he requested a free copy of the transcripts of his plea colloquy and sentencing hearing, which would be relevant to the issues that he raised in relation to his ineffective assistance of counsel claims.  [Dkt. No. 8].  On June 4, 2008, the Court denied Hernandez's motion for reconsideration, reiterating that the merits of Hernandez's petition need not be considered because of the valid waiver.  [Dkt. No. 9].  Additionally, the Court instructed Hernandez that before the Clerk's office may provide him with a copy of his transcripts, he must fill out and submit the required transcript order forms as well as an application to proceed without prepayment of fees if he is unable to pay for the transcripts.  [*Id.* at 2].  On June 16, 2008, Hernandez submitted the completed Application to Proceed without Prepayment of Fees and Affidavit currently pending, [Dkt. No. 11], as well as an expedited form requesting the transcript from the plea hearing held on November 9, 2006 before the Magistrate Judge.  [Dkt. No. 12].

## II.     DISCUSSION

Petitioner, in compliance with the dictates of 28 U.S.C. § 1915(a)(1) and (2), avers that he is a pauper with no assets and has submitted a copy of his inmate trust account records, which indicates that he has approximately $0.82 in his account.  [Dkt. No. 11].  As such, the Court finds that Hernandez is indigent and states a cognizable claim for relief, his application to proceed *in*

---

[2] Because the Court found that Hernandez validly agreed not to file a petition pursuant to 28 U.S.C. § 2255, the Court did not reach the merits of his ineffective of assistance counsel claim.  [*Id.* at 9].

*forma pauperis* is hereby GRANTED. However, the next issue that the Court must address is whether Hernandez may receive a copy of the transcripts free of charge.

"The district court has the power to order a free transcript furnished [for an indigent] if it finds that the 'suit . . . is not frivolous and that the transcript is needed to *decide* the issue presented. . . .'" *United States v. MacCollom*, 426 U.S. 317, 325 (1976) (quoting 28 U.S.C. § 753(f)) (emphasis added). Hernandez seeks to obtain a transcript of the plea colloquy before the Magistrate Court to appeal this Court's decision. Hernandez does not indicate the reason for his request, but merely states that the Fifth Circuit has held that where a petitioner argued that he needed a transcript in order to show that he did not receive effective assistance of counsel during trial in a habeas proceeding, the district court erred by not providing petitioner with a transcript of his entire state trial. [Dkt. No. 8 at 1 (citing *Thompson v. Housewright*, 741 F.2d 213 (5th Cir. 1984))]. As stated in the Court's order denying Hernandez's § 2255 motion, [Dkt. No. 5], reiterated in the order denying his motion for reconsideration, [Dkt. No. 9], and emphasized above, the Court did not reach the merits of his ineffective assistance of counsel claim because it found that Hernandez validly agreed not to file a § 2255 petition. Providing nothing more to substantiate his request, the Court finds that Hernandez has not shown the need for such a transcript.

Moreover, there is nothing to indicate that the Court of Appeals needs a transcript to review his claims. The Fifth Circuit has consistently held that federal prisoners are not entitled to obtain copies of court records at the expense of the government to search for grounds of relief or possible defects, merely because of his or her status as an indigent. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973) (internal citations omitted). Thus, because at this point it appears that Hernandez merely seeks to

embark on a "fishing expedition" of his own to attack the Court's decision, *see Herrera*, 474 F.2d at 1049, the Court denies his Motion for a Free Court Reporter's Record. Should the Court of Appeals grant a certificate of appealability in the future, indicating the need for such transcripts to decide the issue presented, Hernandez can have access to the record free of charge. If Hernandez wishes to review the record now, he will have to pay the appropriate fees. His request is DENIED.

### III. CONCLUSION

For the reasons mentioned herein, the Court GRANTS Hernandez's Application to proceed *in forma pauperis* but DENIES his Motion for a Free Court Reporter's Record.

IT IS SO ORDERED.

DONE this 20th day of June, 2008, in Laredo, Texas.

Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**