UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **RICARDO JAVIER HERNANDEZ-PERALES,** | § § § | |
| *Petitioner*, | § | |
| VS. | § § | **CIVIL ACTION NO. L-08-17** <br> **CRIMINAL ACTION NO. L-06-1366-1** |
| **UNITED STATES OF AMERICA,** | § § | |
| *Respondent*. | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Petitioner's Motion for Certificate of Appealability ("COA"), filed pursuant to 28 U.S.C. § 2253. [Dkt. No. 15]. For the reasons stated herein, Petitioner's motion is **DENIED**.

### I.   BACKGROUND

On May 13, 2008, this Court denied Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 after finding that he had knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. [*See* Dkt. No. 5].[1] The Court also found that the terms of Petitioner's plea agreement[2] extended to his § 2255 petition, thereby waiving the right to file a petition pursuant to 28 U.S.C. § 2255. [*Id.* at 9]. Subsequently, on May 27, 2008, Petitioner filed a motion to alter, amend, or reconsider judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court had committed manifest errors of fact and law in its May 13, 2008 opinion and order. [Dkt. No. 7]. The Court

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless indicated otherwise, "Dkt. No." will be used to refer to filings in case number 5:08-cv-17. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:06-cr-1366-1.

[2] Pursuant to a written plea agreement with the Government—which was explicit with respect to the waiver of the right to appeal and to pursue collateral relief—Petitioner waived both his right to appeal and his right to collaterally attack his plea, conviction and sentence. [*See* Cr. Dkt. No. 11].

similarly denied that motion. [Dkt. No. 9]. Petitioner filed a notice of appeal with the Fifth Circuit Court of Appeals on July 25, 2008. [Dkt. No. 14]. Petitioner now seeks a COA from this Court, even though he was advised in the Court's May 13, 2008 order that a COA would be denied if sought. [Dkt. No. 5 at 9].

## II.   STANDARD FOR GRANTING A COA

Under the Antiterrorism and Effective Death Penalty Act, an inmate who was denied habeas relief in the district court must obtain a COA before an appeal can be taken to a federal appellate court. 28 U.S.C. § 2253(c); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). However, a COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the COA as to claims denied on their merits, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Barefoot v. Estelle*, 436 U.S. 880, 893, n.4 (1983)). However, as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

## III.   DISCUSSION

Petitioner makes three arguments in support of his request for a COA: (1) that the ineffective assistance of his counsel in the negotiation of the guilty plea rendered his appeal waiver unknowing and involuntary; (2) that a waiver of the right to appeal one's sentence does

not prevent a challenge under 28 U.S.C. § 2255 to an illegal sentence; and (3) that this Court's denial with prejudice of his § 2255 motion was improper. The Court will address each argument in turn.

### A. Claim that Ineffective Assistance of Counsel in Negotiation of Guilty Plea Rendered Appeal Unknowing and Involuntary

First, Petitioner argues that he is entitled to a COA because he made a valid initial ineffective assistance of counsel claim in his habeas petition, thereby making any waiver unknowing and involuntary. [Dkt. No. 15 at 3 (citing *U.S. v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995))].

Not all ineffective assistance of counsel claims are immune from waiver. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). If that were the case, "any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result," thereby rendering all waivers of appeal meaningless. *Id.* Rather, as the Fifth Circuit has clearly indicated, "an ineffective assistance of counsel survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id.* at 343.

The Court previously found that Petitioner knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence and conviction. [*See* Dkt. No. 5 at 8-9]. While Petitioner alleged in his § 2255 motion that his counsel's shortcomings affected the validity of the waiver itself, he provided no explanation about how his counsel's ineffective assistance tainted the waiver. [*See id.* at 7 & 8]. Petitioner may have gone beyond making "mere

allegations" of an unknowing and involuntary waiver, but the rationale that he provided in support of his claim was deficient.[3]

In his pending motion, Petitioner presents nothing to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484. Accordingly, a COA as to this issue is **DENIED**.

### B. Claim that Waiver of the Right to Appeal One's Sentence Does Not Prevent a Challenge Under 28 U.S.C. § 2255 to an Illegal Sentence

Petitioner next argues that one of the supplemental claims to his habeas petition—that he was sentenced to a term beyond the statutory maximum—raises substantial issues of constitutional law that are debatable among jurists because a waiver of right to appeal one's sentence does not prevent a challenge under 28 U.S.C. § 2255 to an illegal sentence. [Dkt. No. 15 at 4]. This claim is also without merit.

Petitioner correctly points out that defendants cannot waive their right to appeal an illegal sentence. *De Roo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). However, he fails to demonstrate how his sentence was in fact illegal. In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied*, 546 U.S. 962, 126 S. Ct. 502, 163 L. Ed. 2d 365 (2005). In this case, Petitioner was charged with illegal re-entry after having been previously denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 6]. Pursuant to 8 U.S.C. § 1326(b)(2), the maximum term of imprisonment for Petitioner's offense is twenty (20) years.

---

[3] Additionally, nothing in the record indicates that Petitioner expressed doubt or confusion as to the consequences of his waiver. The Court additionally found that Petitioner presented nothing that would otherwise undermine the presumptions of regularity and truthfulness inherent in official documents such as plea agreements, official records, and proceedings in open court—such as plea hearings. [*See id.* at 8].

[*See* Presentence Investigation Report ("PSR") ¶ 63]. In the supplement to his § 2255 motion, Petitioner argues that the maximum sentence that he could receive was two (2) years. [Dkt. No. 4 at 1]. However, he fails to indicate where he configured such a number.

Petitioner was informed of the statutory maximum at the time of his plea. At the rearraignment hearing on November 9, 2006, the Magistrate Judge engaged in an extended colloquy to ensure that Petitioner was competent to participate in the proceedings and that he understood the contents of the written plea agreement, the offense to which he was pleading guilty, the maximum sentence he faced, the rights he was giving up by virtue of his guilty plea, and the factual basis of the charges and his guilty plea. Both the Magistrate Judge and the Assistant United States Attorney specifically indicated that the maximum statutory penalty for Petitioner's offense is twenty (20) years. Based on Petitioner's responses during the colloquy, the Magistrate Judge concluded that Petitioner's guilty plea and waiver of his right to appeal and collaterally attack his conviction and/or sentence was knowing and voluntary.

Contrary to what Petitioner suggests, he was not sentenced to a term beyond the statutory maximum, and thus his sentence was not illegal. Based on a total offense level of twenty (20) and a criminal history category of VI, the guideline range for Petitioner's imprisonment was 70-87 months. [*See* PSR ¶ 64 (citing U.S.S.G. Chapter 5, Part A)]. Petitioner was sentenced to a term of eighty-five (85) months of imprisonment for the offense of illegal re-entry and to twenty-three (23) months of imprisonment for revocation of his term of supervised release, for a total term of one-hundred and eight (108) months in custody, and to a subsequent three-year term of supervised release. [Cr. Dkt. No. 28 at 20-21]. Thus, Petitioner was sentenced well below the maximum statutory penalty of twenty (20) years.

Therefore, because there is nothing to support Petitioner's contention that his sentence was illegal, the waiver of appeal and to collaterally attack his sentence and conviction was valid. Petitioner's argument is completely void of merit. As such, no reasonable jurist would think to entertain, much less debate, this issue. Accordingly, the Court finds that Petitioner is not entitled to a COA as to this issue. His request is **DENIED**.

### C. Claim that the District Court's Denial of Petitioner's § 2255 Motion with Prejudice was Improper

Finally, Petitioner argues that this Court's dismissal of his habeas case with prejudice was improper, thereby curtailing his constitutional right to habeas corpus relief. [Dkt. No. 15 at 5]. Petitioner claims that rather than dismiss his case with prejudice, the Court should have dismissed his case "without" prejudice and direct him to amend his § 2255 motion to allow for review of his claim on the merits. [*Id.* at 5]. As stated in the Court's May 13, 2008 opinion and order denying Petitioner's claim for habeas relief, [Dkt. No. 5], reiterated in the order denying Petitioner's Motion for Reconsideration, [Dkt. No. 9], and emphasized throughout this order, Petitioner's valid waiver of appeal and to collaterally attack his conviction and sentence precluded review of the merits. Petitioner provides no compelling reason for why the Court should have dismissed his case without prejudice. Accordingly, he fails to show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A COA as to this issue is therefore **DENIED**.

## IV.     CONCLUSION

The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether Petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a COA will not issue in this case.

IT IS SO ORDERED.

DONE this 15th day of August, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**